Case 5:26-cv-00014   Document 20   Filed 02/06/26 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
February 06, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **KENDRY HORTA RODRIGUEZ,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:26-CV-14 |
| | § | |
| **JOHN MORALES, ET AL.,** | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Kendry Horta Rodriguez is currently in federal immigration custody. Before the Court is Petitioner's Petition for Writ of Habeas Corpus, (Dkt. No. 1), and Respondents' Response to the Petition for Writ of Habeas Corpus and Motion to Dismiss and, in the Alternative, for Summary Judgment, (Dkt. No. 11). The issue before the Court is whether Petitioner, an undocumented immigrant, is entitled to a bond hearing before an Immigration Judge. This Court is not considering whether Petitioner should be released on bond, as that decision lies with an Immigration Judge.

### I. BACKGROUND

Petitioner, a citizen of Colombia, challenges his ongoing detention without a bond hearing and Respondents' statutory authority to detain him. He seeks to enforce a declaratory judgment issued in a nationwide class action for violation of the Immigration and Nationality Act (INA). *See Maldonado Bautista v. Santacruz, Jr.*, No. 5:25-CV-1873, 2025 WL 3713987, at *32 (C.D. Cal. Dec. 18, 2025).

Petitioner entered the United States without inspection on or about December 1, 2022. (Dkt. No. 1-1 at 3).[1] Petitioner's current detention in immigration custody began on November 18, 2025. (Dkt. No. 11 at 2). At the time his federal custody began,

---

[1] When citing to the page numbers of any document in the record, the Court will cite to the page numbering of the Court's internal CM/ECF docket system, and not to the page numbers in the underlying documents.

Petitioner had been residing in the United States for nearly three years. On December 22, 2025, an Immigration Judge (IJ) denied Petitioner's bond request after finding that he was ineligible for bond under *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). (Dkt. No. 1-1 at 10).

Petitioner filed a petition for a writ of habeas corpus, asserting that he is entitled to a bond hearing under 8 U.S.C. § 1226(a) and the final judgment in the class action lawsuit in the Central District of California. (Dkt. No. 1). He requests, among other things, that the Court issue an order requiring Respondents to release him or, alternatively, provide a bond hearing within seven days. While the petition has been pending, Petitioner was ordered removed by an IJ. (Dkt. No. 13-1). Because Petitioner reserved appeal at the hearing, his order of removal is not final until February 20, 2026, or later if he files an appeal. (*See* Dkt. No. 13 at 2–3).

## II. LEGAL STANDARDS

### A. Rule 12(b)(1) Motion to Dismiss

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation omitted). When reviewing a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), a district court may dismiss the action based upon: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts. *Williams v. Wynne,* 533 F.3d 360, 365 n.2 (5th Cir. 2008). The party who invokes federal court jurisdiction bears the burden of showing that jurisdiction is proper. *Hartford Ins. Group v. Lou–Con Inc.,* 293 F.3d 908, 910 (5th Cir. 2002).

### B. Rule 56 Motion for Summary Judgment

A "court shall grant summary judgment if the movant shows that there is no genuine dispute of any material fact, and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must consider the record as a whole to determine whether a genuine dispute exists. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). However, the Court must view the facts in the light most favorable to the non-

moving party. *Valderas v. City of Lubbock*, 937 F.3d 384, 389 (5th Cir. 2019).

### C. 28 U.S.C. Section 2241

A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241. Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003); *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005).

### D. 8 U.S.C. Sections 1226 and 1225

Section 1226 provides the general process for arresting and detaining noncitizens who are present in the United States and eligible for removal. 8 U.S.C. § 1226. The Supreme Court has explained that Section 1226(a) "sets out the default rule: The Attorney General may issue a warrant for the arrest and detention of an alien 'pending a decision on whether the alien is to be removed from the United States.'" *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (quoting § 1226(a)). "[T]he Attorney General may release an alien detained under § 1226(a) on bond or conditional parole." *Jennings*, 583 U.S. at 288 (citation modified). But "aliens who are covered by § 1225(b)(2) are detained pursuant to a different process" and "'shall be detained for a [removal] proceeding' if an immigration officer 'determines that [they are] not clearly and beyond a doubt entitled to be admitted' into the country." *Id.* (quoting § 1225(b)(2)(A)). Hence, "noncitizens detained under Section 1225(b)(2) must remain in custody for the duration of their removal proceedings, while those detained under Section 1226(a) are entitled to a bond hearing before an IJ at any time before entry of a final removal order." *See Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1247 (W.D. Wash. 2025).

### III. DISCUSSION

Respondents request that the Court deny or dismiss the petition, asserting that there is no preclusive effect of the class action that Petitioner seeks to enforce, that he failed to exhaust administrative remedies, and that he is properly detained under 8

U.S.C. § 1225. Before addressing the merits of Respondents' motion and the underlying petition, the Court considers the effect of a recently certified class.

### A. Effect of the *Maldonado Bautista* Class Action

On November 25, 2025, a district court in the Central District of California certified a nationwide class under Rule 23(b)(2). *Maldonado Bautista v. Santacruz, Jr.*, No. 5:25-CV-1873, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025) (certifying a class including "[a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination").

That court previously granted petitioners partial summary judgment and then "extend[ed] the same declaratory relief granted to Petitioners to the Bond Eligible Class as a whole." *Id.*; *Maldonado Bautista v. Santacruz, Jr.*, No. 5:25-CV-1873, 2025 WL 3289861, at *11 (C.D. Cal. Nov. 20, 2025). The declaratory relief granted states that Respondents' new interpretation and mandatory detention policy under Section 1225(b)(2) is unlawful. *Maldonado Bautista*, 2025 WL 3289861, at *5, 11. The court there recently entered a final judgment declaring that the Bond Eligible Class is not subject to mandatory detention, vacating Respondents' policy as contrary to law, and certifying the claims for appeal. *Maldonado Bautista v. Santacruz, Jr.*, No. 5:25-CV-1873, 2025 WL 3713987, at *32 (C.D. Cal. Dec. 18, 2025). According to the docket sheet, Respondents in that case filed a notice of appeal to the Ninth Circuit.

Respondents do not contest that Petitioner is a class member. Though, Respondents assert that the Court is not bound by the final judgment in the class action. Whether the Court is bound by the court's orders in *Maldonado Bautista* or not, the outcome of the petition in this instant case is the same: Petitioner is entitled to a bond hearing. Even assuming that the Court is not bound by the final judgment, the Court reaches the same conclusion in finding that Petitioner is detained unlawfully under Section 1225(b)(2)(A) based on the independent grounds stated below.

### B. Petitioner Is Not Required to Exhaust Administrative Remedies

Respondents move to dismiss the petition for failure to exhaust administrative

remedies. However, exhausting his remedies would be futile under the BIA's decision in *Matter of Yajure Hurtado*, 29 I.&N. Dec. 216 (BIA 2025), which held that IJs do not have jurisdiction to consider bond requests from detained noncitizens who are present in the United States without admission.

This Court, along with others, has previously analyzed exhaustion of administrative remedies prior to filing Section 2241 habeas petitions regarding the denial of bond hearings.[2] As noted in those cases, there is no statutory requirement to exhaust remedies for alien detention claims; rather, "[u]nder the INA exhaustion of administrative remedies is only required by Congress for appeals on final orders of removal." *Lopez-Arevelo v. Ripa*, No. EP-25-CV-337, 2025 WL 2691828, at *6 (W.D. Tex. Sep. 22, 2025) (quoting *Garza-Garcia v. Moore*, 539 F. Supp. 2d 899, 904 (S.D. Tex. 2007)); *see also* 8 U.S.C. § 1252(d)(1) ("A court may review *a final order of removal* only if . . . the alien has exhausted all administrative remedies.") (emphasis added).

Here, Petitioner is not asking the court to review a final removal order, so there is no statutory requirement to exhaust. Aside from statutory requirements, federal prisoners generally must exhaust administrative remedies before filing a Section 2241 habeas petition. *See, e.g.*, *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012). However, exhaustion may be waived "where the attempt to exhaust such remedies would itself be a patently futile course of action." *Id.* (citing *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)).

Because the BIA has held that IJs lack jurisdiction to hear claims like Petitioner's, *Matter of Yajure Hurtado*, 29 I. & N. Dec. at 217, it would be patently futile to require him to seek relief through the BIA on this issue. The Court finds that, to the extent that prudential exhaustion of remedies would be required, it should be waived in this case. Therefore, Respondents' motion to dismiss based on failure to exhaust remedies is **DENIED**.

### C. Petitioner Is Entitled to a Bond Hearing Under Section 1226(a)

Respondents also ask the Court to deny the petition on the basis that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225. Though Petitioner has been

---

[2] *See, e.g.*, *Padron Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950096 (S.D. Tex. Oct. 3, 2025); *Perdomo Flores v. Noem*, No. 5:25-CV-162, slip op. at 5 (S.D. Tex. Nov. 25, 2025).

ordered removed, Respondents contend that he is still subject to mandatory detention under Section 1225. The primary issue here is whether Petitioner has been erroneously categorized as a detainee subject to 8 U.S.C. § 1225(b)(2), which prescribes mandatory detention during removal proceedings, or if he is subject to 8 U.S.C. § 1226(a), which provides for discretionary detention and a bond hearing. Petitioner contends that he is entitled to a bond hearing under Section 1226(a), while Respondents argue that he is subject to mandatory detention under Section 1225(b)(2), and therefore not entitled to a bond hearing.

The Court has considered this issue in similar cases.[3] The substantial majority of district courts to consider this issue, including this Court, have concluded, "the statutory text, the statute's history, Congressional intent, and [Section] 1226(a)'s application for the past three decades" support application of Section 1226. *Buenrostro-Mendez v. Bondi*, No. H-25-3726, 2025 WL 2886346, at *3 (S.D. Tex. Oct. 7, 2025) (quoting *Pizarro Reyes v. Raycraft*, No. 25-CV-12546, 2025 WL 2609425, at *4 (E.D. Mich. Sep. 9, 2025) and citing *Lopez-Arevelo*, 2025 WL 2691828, at *7); *see also Rodriguez v. Bostock*, No. 3:25-CV-5240, 2025 WL 2782499, at *1 & n.3 (W.D. Wash. Sep. 30, 2025) (collecting cases). Other courts have interpreted the statute differently, adopting Respondents' interpretation. *See, e.g.*, *Cabanas v. Bondi*, No. 4:25-CV-4830, 2025 WL 3171331 (S.D. Tex. Nov. 13, 2025); *Garibay-Robledo v. Noem*, No. 1:25-CV-177, slip op. (N.D. Tex. Oct. 24, 2025); *Chavez v. Noem*, No. 3:25-CV-2325, 2025 WL 2730228 (S.D. Cal. Sep. 24, 2025); *Vargas Lopez v. Trump*, No. 8:25CV526, 2025 WL 2780351 (D. Neb. Sep. 30, 2025).

Respondents ask the Court to reconsider its prior interpretation of the statute and rejection of Respondents' arguments. The Court is not persuaded by the analysis that Respondents' arguments rely on. The Court will not repeat in detail the "well-reasoned analyses" supporting its interpretation of the statute. *See Perdomo Flores*, No. 5:25-CV-162, slip op. (Nov. 25, 2025); *Buenrostro-Mendez*, 2025 WL 2886346, at *3 (citing *Choglló Chafla v. Scott*, No. 2:25-CV-437, 2025 WL 2688541, at *5 (D. Me. Sep. 21, 2025)). Having considered the parties' arguments and evaluated the analyses of the various district courts around the country, the Court concludes that Section 1226(a) governs Petitioner's

---

[3] *See, e.g.*, *Padron Covarrubias*, No. 5:25-CV-112, 2025 WL 2950097 (S.D. Tex. Oct. 8, 2025); *Perdomo Flores*, No. 5:25-CV-162, slip op. (Nov. 25, 2025).

detention, and Petitioner is entitled to a bond hearing.

The fact that Petitioner has been ordered removed does not change this analysis because discretionary detention under Section 1226 is appropriate "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226. Because Petitioner's removal order is not final, Section 1226 is the appropriate detention authority as opposed to Section 1231, which mandates detention after removal order becomes final. 8 U.S.C. § 1231.

### D. Remedy

Because the Court finds that Petitioner's detention is properly construed as falling under Section 1226(a) and that he is entitled to a bond hearing, the Court grants Petitioner's petition for a writ of habeas corpus. A district court has equitable discretion in determining the appropriate remedy "as law and justice require" for unlawful detention in a habeas petition. *See Brown v. Davenport*, 596 U.S. 118, 127–28 (2022). The Court finds that the specific harm Petitioner suffered—unlawful detention without a bond hearing—is remedied by granting his request for a bond hearing under Section 1226(a) and enjoining Respondents from denying bond on the basis that he is detained under Section 1225. Given the liberty interest at stake, the Court finds that Respondents must provide Petitioner a bond hearing promptly, by the deadline ordered below.

Therefore, the Court, exercising its equitable discretion in fashioning appropriate habeas relief, further orders Respondents to immediately release Petitioner if a bond hearing is not provided by the deadline ordered below, unless and until it is determined that he should be detained pursuant to the standard set forth in 8 U.S.C. § 1226.[4] *See e.g.*, *Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379, at *10 (E.D. Mich. Aug. 29, 2025); *Velasquez Salazar v. Dedos*, No. 1:25-CV-835, 2025 WL 2676729, at *9 (D.N.M. Sep. 17, 2025); *Kostak v. Trump*, No. CV 3:25-1093, 2025 WL 2472136, at *4 (W.D. La. Aug. 27, 2025); *Lopez-Arevelo*, 2025 WL 2691828, at *13.

Petitioner also requests attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. However, the Fifth Circuit has held that fees under the

---

[4] Petitioner also challenges his detention by seeking to enforce the declaratory judgment in *Maldonado Bautista*. (Dkt. No. 1 at 6–7). The Court will decline to decide whether he is entitled to that relief and instead grant relief on his statutory claim.

EAJA are not authorized for Section 2241 habeas petitions because habeas proceedings are not purely civil actions. *Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023); *see also Puertas Mendoza v. Bondi*, No. 5:25-CV-1453, 2025 WL 3142089, at *5 (W.D. Tex. Oct. 22, 2025) (denying request for fees under the EAJA in immigration habeas corpus proceedings). Because this relief is not authorized by statute, Petitioner's request is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, Respondents' Motion to Dismiss and, in the Alternative, for Summary Judgment, (Dkt. No. 11), is **DENIED**. Petitioner's Petition for Writ of Habeas Corpus, (Dkt. No. 1), is **GRANTED in part and DENIED in part**.

The Court **ORDERS** Respondents to provide Petitioner a bond hearing under 8 U.S.C. § 1226(a) **by February 13, 2026.** If Petitioner is not provided a bond hearing, Respondents are **ORDERED** to release Petitioner **by February 13, 2026.** If Petitioner is released, Respondents must notify Petitioner's counsel of the exact time and location of release **no less than two hours** before his release.

No later than **February 17, 2026, at 5:00 p.m.,** the parties shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release. The parties should also notify the Court if the Government seeks a stay of the IJ's bond decision under 8 C.F.R. § 1003.19(i).

It is so **ORDERED**.

**SIGNED** on February 6, 2026.

_____
John A. Kazen
United States District Judge