United States District Court
Southern District of Texas

**ENTERED**

May 13, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| KENDRY HORTA RODRIGUEZ, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:26-CV-00014 |
| | § | |
| MIGUEL VERGARA, *et al.*, | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner's Petition for Writ of Habeas Corpus, (Dkt. No. 1), Petitioner's Supplement to the Petition, (Dkt. No. 26), and Respondents' Motion to Dismiss and, in the Alternative, for Summary Judgment, (Dkt. No. 32). Petitioner challenges his continued detention in federal immigration custody. After considering the petitions, their attachments, Respondents' motion, and applicable law, the Court concludes that the petition should be **DISMISSED without prejudice**.

The Court previously ruled on Petitioner's original petition, (Dkt. No. 1). (Dkt. No. 20). However, an intervening change in the law occurred before the relief the Court ordered was completed. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). Respondents moved for reconsideration of the Court's Order, which the Court granted. (Dkt. Nos. 21, 24). The Court set aside its prior Order granting the petition. (Dkt. Nos. 20, 24). Petitioner filed a subsequent petition asserting different claims, which the Court consolidated into this action. (Dkt. No. 29). The Court now considers the constitutionality of Petitioner's present detention.

The Rules Governing Section 2254 Cases may be applied to petitions for a writ of habeas corpus brought under Section 2241. Rules Governing Section 2254 Cases 1(b). The Rules provide that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." R. 4.

According to the petition, Petitioner is a citizen of Venezuela. (Dkt. No. 26 at 3).[1] He has been detained at the Rio Grande Processing Center since November 18, 2025. (*Id.* at 7). The petition represents that an Immigration Judge issued a "final order of removal" against Petitioner on January 21, 2026. (*Id.*). Petitioner then asserts that his continued detention and Respondents' failure to effectuate his removal violates due process and 8 U.S.C. § 1231(a), and he requests that the Court order his release.

Respondents move to dismiss. Alternatively, they move for summary judgment. They first argue that the due process claim fails because there is no constitutional violation. Second, they argue that his detention under Section 1231 is lawful to effectuate his removal order. Specifically, they note that Petitioner's detention is under the six-month presumptively reasonable period of reasonable detention.

This statute, 8 U.S.C. § 1231, governs the detention, removal, and release of noncitizens ordered removed. This statute mandates the detention of noncitizens ordered removed during the "removal period." *Id.* § 1231(a)(2)(A). Generally, the removal period begins when the order of removal becomes administratively final. Relevant regulations provide that:

> An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final:
> (a) Upon dismissal of an appeal by the Board of Immigration Appeals;
> (b) Upon waiver of appeal by the respondent;
> (c) Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time;
> (d) If certified to the Board or Attorney General, upon the date of the subsequent decision ordering removal;
> (e) If an immigration judge orders an alien removed in the alien's absence, immediately upon entry of such order; or
> (f) If an immigration judge issues an alternate order of removal in connection with a grant of voluntary departure, upon overstay of the voluntary departure period, or upon the failure to post a required voluntary departure bond within 5 business days. If the respondent has filed a timely appeal with the Board, the order shall become final upon an order of removal by the Board or the Attorney General, or upon overstay of the voluntary departure period granted or reinstated by the Board or the Attorney General.

---

[1] When citing to the page numbers of any document in the record, the Court will cite to the page numbering of the Court's internal CM/ECF docket system, and not to the page numbers in the underlying documents.

8 C.F.R. § 1241.1.

In *Zadvydas v. Davis*, the Supreme Court held that detention after a final order of removal is prolonged and unconstitutional when there is no significant likelihood of removal in the reasonably foreseeable future. 533 U.S. 678, 701 (2001). However, there is a six-month presumption of reasonable detention after an order of removal becomes final. *Id.*

Here, Petitioner fails to address or overcome the six-month presumption of reasonableness. He was ordered removed on January 21, 2026. Barring an appeal, Petitioner's order of removal became final either the day he was ordered removed if he waived appeal, or once the appeal period expired if he reserved appeal. Either way, Petitioner has been detained at most three and a half months since he was ordered removed, which is several months short of the presumptively reasonable six months. For this reason, Petitioner does not demonstrate that his detention is unlawful. *See, e.g.*, *Chance v. Napolitano*, 453 F. App'x 535 (5th Cir. 2011) (finding that a challenge to prolonged detention was premature when petitioner "had not been in post-removal-order detention longer than the presumptively reasonable six-month period").

Because Petitioner has not been in custody since his removal order became final beyond the presumptively reasonable period set forth in *Zadvydas* and does not present facts to overcome the presumption, his petition is dismissed without prejudice as premature.

For the reasons stated above, Respondents' Motion to Dismiss and, in the Alternative, for Summary Judgment, (Dkt. No. 32), is **GRANTED**. Both petitions, (Dkt. Nos. 1, 26), are **DISMISSED without prejudice**.

It is so **ORDERED**.

**SIGNED** on May 13, 2026.

John A. Kazen
United States District Judge

3 / 3